UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:20-cv-01203-MCS-SP | Date October 27, 2020 |
| Title ***Rutherford v. Baseline Ctr., LLC*** | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION FOR DEFAULT JUDGMENT (ECF NO. 17) AND DIRECTING CLERK TO VACATE ENTRY OF DEFAULT (ECF NO. 12)**

Plaintiff James Rutherford moves the Court for default judgment against Defendant Baseline Center, LLC, on his claim for violation of the Americans with Disabilities Act. (ECF No. 17.) The Court ordered Plaintiff to file supplemental briefing addressing whether Defendant was properly served with the summons and complaint. (ECF No. 19.) Plaintiff filed a supplemental brief in which he argues that service was proper. (ECF No. 20.)

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment. *Penpower Tech., Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

The proof of service on file with the Court indicates that Plaintiff's service attempt was not effective. The process server claims she effected substituted service under California law. (*See* ECF No. 9, at 1.) On June 24, 2020, at 2:24 p.m., the

server purportedly served Joe Wong, Defendant's agent for service, at 1001 Fremont Ave. #95 in South Pasadena, California. (*Id.*) The process server avers she "left the documents . . . with or in the presence of . . . Kevin- clerk of USPS. Paid fee so documents can be taken and place them in box #95." (*Id.* (errors preserved).) In other words, it appears the process server left the summons and complaint with a United States Postal Service clerk for deposit in Defendant's agent's United States Postal Service post office box.

Under California law, in lieu of personal service on the agent for service of process of an unincorporated business association, service may be effected on an agent "by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, *other than a United States Postal Service post office box*, with the person who is apparently in charge thereof." Cal. Civ. Proc. Code § 415.20(a) (emphasis added). Accordingly, service cannot be effected in the manner the process server purportedly served the summons and complaint here.

In his supplemental brief, Plaintiff does not present any further information from the process server about the service attempt. Instead, he confirms that the address provided for Mr. Wong on the California Secretary of State's website is a United States Post Office. (ECF No. 20, at 2.) Despite Plaintiff's "good faith belief that service was proper," (*id.*), service is plainly deficient under California law. Plaintiff avers that he is unaware of any other proper way to serve Defendant. (*Id.*) The Court directs Plaintiff to review the myriad methods of service available under Federal Rule of Civil Procedure 4.

The Court lacks jurisdiction over Defendant because it has not been served properly. *Direct Mail Specialists,* 840 F.2d at 688. Default judgment is inappropriate. *See United States v. 4268 L.A. Ave. Simi Valley Cal. 93063*, 672 F. App'x 770, 770 (9th Cir. 2017) ("A default judgment must be set aside if the court lacked jurisdiction over the defendants due to insufficient service of process."). The motion is denied.

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on a motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The Court directs the clerk to vacate the entry of default because it was based on improper service of process.

**IT IS SO ORDERED.**