UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:20-cv-01203-MCS-SP** | Date | November 16, 2020 |
| Title | ***Rutherford v. Baseline Ctr., LLC*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR ORDER AUTHORIZING SERVICE ON THE CALIFORNIA SECRETARY OF STATE (ECF No. 26)**

Plaintiff James Rutherford applies for an order authorizing him to serve the summons and complaint on Defendant Baseline Center LLC by delivery to the California Secretary of State. (ECF No. 26.) The application is **DENIED WITHOUT PREJUDICE**.

California Corporations Code section 17701.16(c) provides:

> [I]f the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company . . . cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon a domestic limited liability company . . . by delivering by hand to the Secretary of

> State . . . one copy of the process for each defendant to be
> served, together with a copy of the order authorizing the
> service.

Several courts have interpreted "reasonable diligence" to require the same efforts to serve by other means as required by California Code of Civil Procedure section 415.50. *E.g.*, *Canfield v. Axiom Debt LLC*, No. 19cv2015-MMA (JLB), 2019 U.S. Dist. LEXIS 193116, at *3 (S.D. Cal. Nov. 6, 2019) (collecting cases); *see* Cal. Civ. Proc. Code § 415.50(a) (similarly requiring "reasonable diligence" before granting leave to serve by publication).

To determine whether a plaintiff was reasonably diligent under section 415.50, courts examine the plaintiff's affidavit to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." (internal quotation marks omitted)). "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that the myriad of avenues have been properly exhausted to warrant service by section 415.50." *Canfield*, 2019 U.S. Dist. LEXIS 193116, at *3–4 (internal quotation marks omitted) (applying this reasoning to inquiry under Cal. Corp. Code § 17701.16(c)).

An order authorizing service on the California Secretary of State is not warranted here. Plaintiff has shown that the agent cannot with reasonable diligence be found at the address designated for personal delivery of process, which is a post office box. (Manning Decl. ¶¶ 3–4, ECF No. 26-1.) But Plaintiff fails to show by affidavit that Defendant cannot be served with reasonable diligence by regular means. Counsel avers that his firm directed a single, ineffective attempt at substituted service at the post office box provided in Defendant's public statement of information. (Manning Decl. ¶ 4.) But the declaration is devoid of information showing that Defendant cannot with reasonable diligence be served at this address by mail under Code of Civil Procedure section 415.30(a). *See Transamerica Title Ins. Co. v. Hendrix*, 34 Cal. App. 4th 740, 745 (1995) ("[A] post office box is a sufficient address for compliance with Code of Civil Procedure section 415.30 . . . ."). Although the process server mailed a copy of the summons and complaint in furtherance of Plaintiff's defective attempt at substituted service, (Manning Decl. Ex. 3, at 1, ECF No. 26-5), nothing in the record shows any attempt at mail service. *See Hopson v. Nove Plaza, LLC*, No. 1:17-cv-01746-AWI-SAB,

2018 U.S. Dist. LEXIS 86041, at *7 (E.D. Cal. May 22, 2018) (denying application in part because plaintiff presented no evidence of mail service attempts).

Further, the record reveals two alternative addresses for Defendant. First is the subject property in Fontana. (Compl. ¶ 2; Manning Decl. Ex. 1, ECF No. 26-3.) Second, counsel's public records search uncovered another address for Defendant in South Pasadena. (Manning Decl. Ex. 1.) Counsel does not state whether service on Defendant's agent ever was attempted at either address. The Court is doubtful that Plaintiff conducted a "thorough, systematic investigation and inquiry . . . in good faith" given these obvious alternative addresses at which service apparently has not been attempted. *Watts*, 10 Cal. 4th at 749 n.5.

Plaintiff fails to show that Defendant cannot be served by regular means with reasonable diligence. Accordingly, the application is denied without prejudice to renewal upon further evidence. Pursuant to Federal Rule of Civil Procedure 4(m), the Court *sua sponte* orders that service be made by December 16, 2020. No further extensions will be granted absent a motion by Plaintiff supported by good cause.

**IT IS SO ORDERED.**